Michael Bruce NEIGHBORS,
Appellant,

v.

RIVER CITY INTERIORS; Hon. Marcel Smith, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2005–SC–0681–WC.

Supreme Court of Kentucky.

March 23, 2006.

Ben T. Haydon, Jr., Haydon & Dockter, Bardstown, Counsel for Appellant.

F. Allon Bailey, Todd D. Willard, Jenkins, Pisacano, Robinson & Bailey, Lexington, Counsel for Appellee, River City Interiors.

## OPINION OF THE COURT

KRS 342.710(5) requires a 50% loss of compensation for each week that a worker refuses to accept rehabilitation that an Administrative Law Judge (ALJ) has ordered. An ALJ overruled a motion to reduce the claimant's income benefits, which alleged that he refused to follow through with the rehabilitation process as ordered in his award. Based on findings that his physical condition did not preclude retraining, that retraining was practical, and that it was likely to return him to gainful employment, the ALJ ordered him to be referred for the rehabilitation services that had been recommended. The Workers' Compensation Board (Board) and the Court of Appeals affirmed, and we affirm.

The claimant was born in 1955 and worked as a drywall finisher. On January 8, 2001, a falling bucket of drywall mud hit him, resulting in work-related injuries to his head, neck, shoulder, and back. When the claim was heard, he was receiving Social Security Disability benefits. Based on his medical and vocational evidence, he argued that his physical restrictions and limited educational level rendered him totally disabled. The employer's medical and vocational evidence indicated that the claimant could perform a range of sedentary activities and that suitable remedial and retraining programs were available.

On August 6, 2002, an ALJ determined that the claimant was totally disabled, relying specifically on Dr. Collis and on Dr. Guarnaschelli, the claimant's treating physician. Dr. Guarnaschelli was of the opinion that the claimant would benefit from a comprehensive rehabilitation program. Although nothing in the benefits review conference memorandum or the claimant's brief mentioned a request for rehabilitation benefits, the ALJ stated that he had requested vocational rehabilitation, that he had an eighth-grade education with no specialized or vocational training, and that his injury left him unable to perform work for which he had previous training or experience. The ALJ ordered him to be referred for a vocational rehabilitation evaluation, stating:

> The vocational evaluation shall be at the expense of the Defendant–Employer and a determination as to the propriety of recommended retraining for the Plaintiff shall be in accordance with the provisions of KRS 342.710.

A copy of the claimant's petition for reconsideration is not to be found in the record before us. The employer's response, which is of record, complained that the claimant was attempting to avoid the order of rehabilitation. It also stated that rehabilitation was a crucial goal of the Workers' Compensation Act regardless of whether the claimant requested it. On September 4, 2002, the ALJ overruled the petition adding, "even though the Plaintiff did not request it."

By letter dated October 11, 2002, Jerome Mahin (a specialist at the Department of Workers' Claims, now the Office of Workers' Claims) informed the claimant when to report to Elizabethtown Technical College for an evaluation to measure his vocational interests and aptitudes and his academic abilities.[1] A Client Assessment

---

1. The record indicates that all communications from the Department were served on all

Report from Elizabethtown Technical College, filed with the Department of Workers' Claims on October 28, 2002, stated that the claimant was functioning at grade level 7.8 in reading and 5.4 in math. An interest inventory and interview indicated that he was interested in mechanics as well as in working in construction. The evaluator concluded, "Not considering his physical limitations, it would seem possible for [the claimant] to be retrained in one of the above areas .... He would need to improve his academic skills."

A letter from Mr. Mahin to the claimant, also dated October 28, 2002, reviewed the test results. The letter noted that they were substantially below the claimant's eighth-grade completion level and observed that he may not have been able to perform at his best on the day he was tested. It requested him to call Mr. Mahin within 15 days at the Department's toll-free number to discuss the results of the assessment as well as resources for services such as adult education, job placement, and retraining benefits.

A December 2, 2002, letter from Mr. Mahin to the claimant stated that it included a copy of the prior letter to which he had failed to respond. It requested him to do so within 15 days. A December 6, 2002, letter from Mr. Mahin indicated that the claimant responded to the second request and that they discussed possible retraining benefits, but the claimant indicated that retraining was impossible due to continuing medical problems. The letter concluded:

> [U]nless any party of record informs me otherwise within 30 days, I will assume there is mutual agreement to close your rehabilitation file subject to reopening if your medical condition improves.

parties.

A February 11, 2003, letter from Mr. Mahin to the employer indicated that the claimant's file remained open per the employer's December 13, 2002, request and reiterated the Department's readiness to assist the claimant with vocational development and retraining.

On March 11, 2003, the employer filed a motion to reopen under KRS 342.125(1)(b) and KRS 342.710(5), requesting a 50% reduction in the claimant's income benefits based on his failure to follow through with the vocational rehabilitation process. The claimant objected. He asserted that KRS 342.125 did not permit reopening under the circumstances and that because KRS 342.710 is silent regarding the mechanism to be used for considering a request to reduce an award, jurisdiction appeared to lie in circuit court. He also asserted that he had complied with the order to undergo a rehabilitation evaluation but that an ALJ had not received the vocational report to which KRS 342.710(3) refers and had not ordered any recommended services or treatment. Furthermore, his present physical condition precluded any type of education or retraining program. Noting that the process anticipated by KRS 342.710(3) had not occurred, the Chief ALJ ordered the matter to be reopened and assigned to another ALJ for further proceedings.

The claimant testified subsequently that he did not think his medical condition had improved sufficiently to engage in retraining. He stated that he did not follow up on Mr. Mahin's last letter because he thought retraining would be a waste of time given his condition. Furthermore, he submitted medical evidence indicating that he had been treated for a heart condition since his injury.

Dr. Crystal re-tested and re-evaluated the claimant in August, 2003, for the employer. He reviewed the medical reports from the initial claim, and the claimant informed him of a heart attack that occurred in December, 2002. As in June, 2002, Dr. Crystal thought that the claimant had the physical capacity to perform sedentary and light duty work, that retraining and remedial programs within his potential were available, and that his age was still favorable with regard to obtaining a GED or short-term retraining. A labor market survey by Ms. Deogracias that relied on Dr. Crystal's findings revealed 14 jobs the claimant could perform in the Louisville area.

The ALJ noted that there was no rehabilitation report other than the letters from Elizabethtown Technical College and Mr. Mahin. They indicated that the claimant did not think he was able to retrain due to his physical condition; however, the ALJ determined that his physical condition did not prevent him from participating in a retraining program, that such a program would be practical, and that with his willing participation would be likely to return him to suitable gainful employment. The ALJ ordered him to be referred to the Department again to receive the rehabilitation services that were recommended previously and overruled the motion to reduce his benefits at that time.

The claimant's petition for reconsideration asserted that the vocational evaluation process had not been completed. He requested an order setting aside the ALJ's decision and directing the Department to provide a written report that set forth the practicability of retraining him and a plan for doing so. He also took issue with the reports from Dr. Crystal and Ms. Deogracias on the ground that they were contrary to the finding that he was totally disabled. The employer did not object to the extent that the petition requested the Department to follow normal procedures for evaluating injured workers; however, it asserted that the ALJ's order directed the claimant to complete the process. The petition was overruled, after which the claimant appealed.

The claimant states that he continues to be totally disabled and has not worked since his injury. He asserts that the ALJ's order was premature under KRS 342.710(3) because the Department had not submitted a report that recommended necessary treatment and services. He argues that, absent such a report, it was impossible for him to know the physical demands of the rehabilitation program or the career that the Department had in mind for him, to know the academic/intellectual demands, or to know the length of time or amount of travel involved. Therefore, it was also impossible for him or the employer to know whether the program was appropriate. He concludes that the ALJ erred in considering the matter before receiving a formal rehabilitation plan from the Department, that the error was not harmless, and that he must be given an opportunity to present evidence regarding his physical and mental ability to engage in vocational rehabilitation after the evaluation process has been completed and a program recommended.

The employer agrees that the rehabilitation evaluation process was not complete and that the ALJ did not receive a formal, written report. It maintains that this occurred because the claimant refused to complete the process. He asserted that he was physically unable to engage in vocational rehabilitation before exploring his options; however, the ALJ was convinced that his physical condition did not prevent him from retraining or render a retraining program impractical.

KRS 342.710 provides, in pertinent part, as follows:

(1) One of the primary purposes of this chapter shall be restoration of the injured employee to gainful employment, and preference shall be given to returning the employee to employment with the same employer or to the same or similar employment.

. . . .

(3) An employee who has suffered an injury covered by this chapter shall be entitled to prompt medical rehabilitation services for whatever period of time is necessary to accomplish physical rehabilitation goals which are feasible, practical, and justifiable. When as a result of the injury he is unable to perform work for which he has previous training or experience, he shall be entitled to such vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary to restore him to suitable employment. In all such instances, the administrative law judge shall inquire whether such services have been voluntarily offered and accepted. The administrative law judge on his own motion, or upon application of any party or carrier, after affording the parties an opportunity to be heard, may refer the employee to a qualified physician or facility for evaluation of the practicability of, need for, and kind of service, treatment, or training necessary and appropriate to render him fit for a remunerative occupation. Upon receipt of such report, the administrative law judge may order that the services and treatment recommended in the report, or such other rehabilitation treatment or service likely to return the employee to suitable, gainful employment, be provided at the expense of the employer or his insurance carrier. Vocational rehabilitation training, treatment, or service shall not extend for a period of more than fifty-two (52) weeks, except in unusual cases when by special order of the administrative law judge, after hearing and upon a finding, determined by sound medical evidence which indicates such further rehabilitation is feasible, practical, and justifiable, the period may be extended for additional periods.

. . . .

(5) Refusal to accept rehabilitation pursuant to an order of an administrative law judge shall result in a fifty percent (50%) loss of compensation for each week of the period of refusal.

(6) . . . . In the event medical treatment, medical rehabilitation services, or vocational rehabilitation services are purchased for an injured employee by the Department of Vocational Rehabilitation or Department for Employment Services following the refusal by the employer or his insurance carrier to provide such services, the administrative law judge, after affording the parties an opportunity to be heard, may order reimbursement of the cost of such treatment or services by the employer or his insurance carrier as apportioned in the award. . . .

Consistent with KRS 342.710's stated goal, KRS 342.710(7) permits income benefits to be accelerated, and KRS 342.715 provides an enhanced income benefit during any period that a worker who is eligible for permanent total disability benefits actively participates in physical or vocational rehabilitation.

KRS 342.710(3) entitles an injured worker who is unable to perform work for which he has previous training or experience to receive reasonable vocational rehabilitation services at the worker's request. It also permits an ALJ to order a rehabilitation evaluation at the employer's request or upon the ALJ's own motion. The De-

partment's procedure for implementing KRS 342.710(3) appears to be informal and to involve a subsequent ALJ order only in instances where the parties disagree. We infer this based on Mr. Mahin's letter of December 6, 2002; on 803 KAR 101, § 4(1), which indicates that a Department employee will assist an injured worker in implementing rehabilitation services; and on 803 KAR 25:101, § 4(6), which provides:

> Upon receipt of the vocational evaluation report, the employee and employer or insurance carrier shall cooperate in the implementation of services designed to restore the employee to suitable employment.

KRS 342.710(3) and 803 KAR 25:101, § 4 anticipate that a Department representative will present the results of the evaluation and the available options for physical and/or vocational rehabilitation to the parties. They also anticipate that the parties will cooperate in devising and implementing a reasonable plan for the injured worker's rehabilitation. KRS 342.710(5) and (6) help to ensure their cooperation.

■ Post-award disputes concerning vocational rehabilitation under KRS 342.710(3) and requests for a reduction in benefits under KRS 342.710(5) are matters that arise under Chapter 342; therefore, KRS 342.325 grants an ALJ jurisdiction to decide them. A worker seeking to resist rehabilitation has the burden to show that the evaluator's recommendations or the available options are impractical or inappropriate. An employer seeking a reduction in benefits has the burden to show that the worker has refused to accept rehabilitation pursuant to an ALJ order.

■ In the present case, the ALJ who considered the initial claim ordered a vo-

cational evaluation and "a determination as to the propriety of recommended retraining ... in accordance with the provisions of KRS 342.710." The claimant participated in a vocational evaluation. Elizabethtown Technical College's Client Assessment Report recommended services to improve his academic skills followed by retraining. Mr. Mahin then contacted him to discuss his options, but the process stopped when he asserted that his physical condition precluded any type of education or rehabilitation program. Having made reasonable findings that the claimant's present physical condition did not prevent him from engaging in such a program, that retraining would be practical, and that it would be likely return him to employment, the ALJ properly referred him to the Department again to receive the services that had been recommended.

The decision of the Court of Appeals is affirmed.

All concur.